UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLOYD E. KOHN,

                Petitioner,                Case No. 1:16-cv-1040

v.                                          Honorable Paul L. Maloney

WILLIE SMITH,

                Respondent.
_____/

## **OPINION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

      I.      Factual allegations

Petitioner Floyd E. Kohn presently is incarcerated at the Ionia Correctional Facility. A Kalamazoo County jury convicted him in 2010 of maintaining a drug house, MICH. COMP. LAWS § 333.7401c(2)(f), but acquitted him of unlawfully driving away an automobile, MICH. COMP. LAWS § 750.414. On October 15, 2012, the trial court sentenced him to a prison term of five to forty years.

Petitioner appealed his conviction to the Michigan Court of Appeals. In the brief filed by counsel, Petitioner raised three issues, the first of which contained multiple sub-parts:

    I.    WHETHER [PETITIONER'S] RIGHT TO A FAIR TRIAL WAS VIOLATED (1) WHEN POLICE WITNESSES ON SEVERAL OCCASIONS WERE ALLOWED TO EXPRESS THEIR OPINIONS THAT [PETITIONER] WAS GUILTY, ON ONE OCCASION BECAUSE HE HAD INVOKED HIS RIGHT TO REMAIN SILENT AND (2) WHEN THE PROSECUTOR COMMITTED MISCONDUCT IN ELICITING A POLICE WITNESS' OPINION THAT [PETITIONER] WAS GUILTY, CONTRARY TO HIS FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS. ADDITIONALLY, TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT. US CONST. AM. V, VI, XIV.

    II.    WHETHER [PETITIONER'S] SIXTH AMENDMENT RIGHT TO CONFLICT FREE COUNSEL WAS VIOLATED WHEN THE TRIAL COURT REFUSED TO REMOVE APPOINTED TRIAL COUNSEL WHO WAS SIMULTANEOUSLY RUNNING FOR PROSECUTOR IN AN ADJOINING COUNTY.

    III.    WHETHER REVERSIBLE ERROR OCCURRED WHEN THE PROSECUTOR COMMITTED MISCONDUCT BY IMPEACHING [PETITIONER] WITH ARRESTS THAT DID NOT RESULT IN CONVICTIONS.

(Def.-Appellant's Br. on Appeal, ECF No. 1-1, PageID.23.) Petitioner filed a pro per supplemental brief, raising the following seven issues:

    1)    Violation of Due Process/cumulative effect of error[.]
    2)    Exposed [sic] Facto Clause "1963" less than standard evidence[.]

      3)      Search and seizure/false police report[.]
      4)      Prosecutorial Misconduct (wide range) and major[.]
      5)      Right to be present at trial for requested (by court) psychiatric examination[.]
      6)      MCL 333 7527  destroying drug evidence and not taking the defense at all. Inexcusable neglect or deliberate deception of law enforcement[.]
      7)      New evidence in the form of state and national Sudafed database.

(Supp. Br. on Appeal, ECF No. 1-1, PageID.51.)  In a unpublished opinion issued on February 19, 2015, the court of appeals rejected all appellate grounds and affirmed the conviction.

Petitioner sought leave to appeal to the Michigan Supreme Court, raising all of the issues presented to the court of appeals, together with several additional claims that are not decipherable from the petition.  The supreme court denied leave to appeal on February 19, 2015.

On January 12, 2016, Petitioner filed a motion for relief from judgment in the Kalamazoo County Circuit Court, raising numerous issues, which are difficult to understand from the cramped and run-on text of the petition.  The trial court denied the motion for relief from judgment on January 15, 2016, and issued a supplemental opinion on March 30, 2016, in response to a letter from Petitioner accusing the court of error.

Petitioner appealed to the Michigan Court of Appeals on June 28, 2016, purportedly raising ten issues.  The matter remains pending in the court of appeals.

Petitioner filed his habeas application on or about August 19, 2016.[1]  In his application, Petitioner expressly lists three grounds for relief, which he has numbered grounds one, three and four under question 14 of the form petition:  (1) ineffective assistance of trial counsel;

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner dated his application on August 19, 2016, and it was received by the Court on August 22, 2016.  Thus, it must have been handed to prison officials for mailing at some time between August 19 and 22, 2016.  For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

(2) new evidence that counsel failed to discover, consider or reveal; and (3) confusing jury instructions. (ECF No. 1, Page ID.6, 9, 10.)  Petitioner, however, makes the following declaration under question 13(a)(4), in response to an inquiry about the issues raised in the Michigan Court of Appeals on appeal from the denial of his motion for relief from judgment:  "All issues in the previous briefs original and standard 4 and 7 issues in the 6500 brief Appeal[,] which I fully expect the Federal Courts to go through with a fine toothed comb, because I have included these documents for the federal courts to look at."  (ECF No. 1, PageID.5.)

II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). It appears from the petition that Petitioner wishes to raise all ten claims presented on direct appeal, as well as the seven claims he purports to have raised in his motion for relief from judgment. It appears that Petitioner has exhausted all ten claims raised on direct appeal either through the brief filed by counsel or through Petitioner's pro per supplemental briefing. Petitioner, however, acknowledges that the issues he presented in his motion for relief from judgment remain pending before the Michigan Court of Appeals, and he has not yet had the opportunity to present them to the Michigan Supreme Court. Those issues, therefore, are presently unexhausted.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may complete appellate review of denial of his motion for relief from judgment under MICH. CT. R. 6.500 *et seq*. Therefore, the Court concludes that he has at least one available state remedy. In order to properly exhaust his claims, Petitioner must await the decision of the Michigan Court of Appeals and then seek leave to appeal to the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-

abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on February 19, 2015. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on May 20, 2015. Accordingly, absent tolling, Petitioner would have one year, or until May 20, 2016, in which to file his habeas petition.

A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332. Petitioner filed his

motion for relief from judgment on January 12, 2016, when he had 129 days remaining in his limitations period. Presuming that Petitioner properly seeks leave to appeal from the decision ultimately reached by the Michigan Court of Appeals, his limitations period will not begin to run again until the Michigan Supreme Court issues its decision on his application for leave to appeal. *Id.*

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[2] Petitioner has far more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

---

[2] Recognizing that the running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated: September 29, 2016              /s/ Paul L. Maloney
                                       Paul L. Maloney
                                       United States District Judge